IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM CHARLES BURROWS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | No. 14 C 3391 <br><br> Maria Valdez <br> Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

Claimant William Burrows seeks review of the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying Claimant's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 12] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 20] is denied.

### I. PROCEDURAL HISTORY

On March 15, 2011, Claimant filed an application for DIB, alleging a disability onset date of May 1, 2009. (R. 136-42.) The claim was denied initially on June 21, 2011, (R. 76), and upon reconsideration on September 23, 2011. (R. 77.) On

September 27, 2011, Claimant requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 26, 2012. (R. 24-75.) At that hearing, Claimant, who was represented by counsel, appeared and testified. (*Id.*) A vocational expert and medical expert also appeared and testified. (*Id.*)

On January 25, 2013, the ALJ issued a written decision. (R. 9-19.) In the decision, the ALJ went through the five-step sequential evaluation process and ultimately found Claimant not disabled under the Act. (R. 19.) At step one, the ALJ found that Claimant had not engaged in substantial gainful activity ("SGA") since May 1, 2009, the alleged onset date. (R. 14.) At step two, the ALJ found that Claimant had the severe impairments of degenerative disc disease of the lumbar and cervical spine (*Id.*) At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (R. 15.)

Before step four, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform sedentary work. (*Id.*) The ALJ also found that Claimant's RFC was further limited to lifting/carrying up to ten pounds occasionally and five pounds frequently; standing/walking two hours in an eight-hour workday; sitting about six hours in an eight-hour workday with a sit/stand option at will; no climbing ladders, ropes, or scaffolds; occasional balancing and stooping, with stooping down to the knees only; frequently climbing of ramps and occasionally climbing of stairs; avoid unprotected heights or dangerous machinery; and should

2

avoid concentrated exposure to pulmonary irritants, extremes of cold, wetness, humidity, and vibration. (*Id.*) At step four, the ALJ concluded that Claimant could not perform any of his past relevant work. (R. 18.) Finally, at step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Claimant could perform. (R. 18-19.) Specifically, the ALJ found that Claimant could work as an assembler, inspector, or information clerk. (R. 19.) Because of this determination, the ALJ found that Claimant was not disabled under the Act. (*Id.*)

## II. STANDARD OF REVIEW

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). Under such circumstances, the district court reviews the decision of the ALJ. *Id.* Judicial review is limited to determining whether the decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even when there is adequate evidence in the record to support the decision, however, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v.*

3

*Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). If the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

The "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). It may not, however, "displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue,* 529 F.3d 408, 413 (7th Cir. 2008). Thus, judicial review is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence to support the findings. *Nelms,* 553 F.3d at 1097. The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g)

### III. ANALYSIS

Claimant asserts that the ALJ made five errors. First, Claimant argues that the ALJ's failed to support his finding with substantial evidence. Second, Claimant argues that the ALJ's step-three determination was erroneous because his analysis was perfunctory. Third, Claimant argues that the ALJ's RFC determination was flawed because he failed to consider all of Plaintiff's impairments. Fourth, Claimant argues that the ALJ's credibility determination was patently wrong. Finally,

4

Claimant argues that the ALJ failed to properly include in the hypothetical offered to the vocational expert all of his limitations that were supported by the medical record. The Court finds that the ALJ did not support his step two and step three determinations with substantial evidence. Because these conclusions require reversal, the other alleged errors need not be addressed at this time.

A. **The ALJ Failed to Properly Support his Step-Two Determination with Substantial Evidence**

Claimant asserts that the ALJ's step two determination was erroneous because the ALJ failed to utilize the special technique for review of mental impairments which is required by section 404.1520(a). Listing 12.04, which governs affective disorders, provides that an individual must demonstrate a disturbance of mood, accompanied by a full or partial manic or depressive syndrome.[1] 20 C.F.R. Pt. 404, Subpart P., App. 1, § 12.04. The required level of severity for these disorders is met when the criteria in both "A" and "B" are satisfied, or when the criteria in "C" are satisfied. (*Id.*) In order to meet the "A" criteria, there must be medically documented persistence, either continuous or intermittent, in numerous symptoms. (*Id.*) The "B" criteria are the same for listings 12.00 through 12.08. (*Id.*) The symptoms must result in at least two of the following "B" criteria: Marked restriction of activities of daily living; Marked difficulties in maintaining social

---

[1] Although the ALJ failed to specify which 12.00 Listing he considered when evaluating Claimant's mental impairment, he explicitly stated that he was assessing Claimant's mental depression. According to the 12.00 Listings, mental depression is evaluated under Listing 12.04, and therefore the ALJ's failure to identify the particular Listing was harmless, given that he specified the impairment under consideration.

5

functioning; Marked difficulties in maintaining concentration, persistence, or pace; or Repeated episodes of decompensation, each of extended duration. (*Id.*)

With regard to the "B" criteria, the ALJ determined that Claimant had only mild limitations in activities of daily living, social functioning, and concentration, persistence, or pace, and no episodes of decompensation, but he did not cite to the medical or testimonial record to support his assertions. The ALJ's failure to articulate the basis for his conclusions leaves the Court unable to review his analysis. The Commissioner responds that the ALJ discussed elsewhere in his decision the consultative psychiatric examination performed by Dr. Chirag Rival, M.D., that showed Claimant was alert and oriented, had a satisfactory mood and effect, clear and understandable speech, had no psychomotor agitation, retardation, hallucinations, or delusions, and normal insight and judgment. The Commissioner contends that the evidence therefore supported the ALJ's conclusion that Claimant had no more than mild depression, and his depression caused no more than minimal limits, and therefore, he did not have a severe mental impairment. However, none of those reasons were given by the ALJ, and thus the Commissioner's argument risks violating the *Chenery* doctrine, which forbids an agency's lawyers from defending the agency's decision on grounds that the agency itself had not embraced. *See SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943).

In addition, when evaluating mental impairments, the regulations require that the Administration follow a special technique. The Psychiatric Review Technique ("PRTF") described in 20 C.F.R. §§ 404.1520a and 416.920a and

6

summarized on the PRTF requires adjudicators to assess an individual's limitations and restrictions from mental impairment(s) in categories identified in the "paragraph B" and "paragraph C" criteria of the adult mental disorders listings. The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. SSR 96-8p. There is no indication in the ALJ's decision that this special technique was used because the ALJ did not cite to a PRTF in assessing the severity of Claimant's mental impairment. Therefore, without evidence that the ALJ formed his conclusion based on a PRTF, the ALJ failed to support his "B" criteria findings with substantial evidence.[2] On remand, the ALJ is directed to better articulate his findings with respect to Claimant's mental impairment.

## B. The ALJ Failed to Properly Support his Step-Three Determination with Substantial Evidence

Claimant asserts that the ALJ's step three determination was erroneous because the ALJ's one sentence disposal of Listing 1.04(A) was perfunctory, stating only that "[t]he claimant's back impairment has not resulted in the neurological deficits described in section 1.04A." (R. 15.) At step three, an ALJ must consider whether a claimant's impairments meet or medically equal a listed impairment,

---

[2] Claimant also contends that the ALJ erred by failing to address the "A" criteria of the 12.00 Listings, and compounds the error by failing to specify the specific mental impairment he was addressing. The Commissioner responds that the ALJ's finding of depression as a medically determinable impairment satisfies the "A" criteria of the mental impairment analysis. Because a claimant must show evidence of both the "A" and "B" criteria to meet the Listing, the failure to consider the "A" criteria would have been harmless if the ALJ's analysis of the "B" criteria were supported by substantial evidence. On remand, however, the ALJ is reminded to consider both the "A" and "B" criteria.

7

either singly or in combination. 20 C.F.R. § 405.1520(a)(4)(iii). An ALJ should identify the Listing by name and offer more than a perfunctory discussion. *Barnett v. Barnhart,* 381 F.3d 664, 668 (7th Cir. 2004). The ALJ must also obtain the opinion of a medical expert on the issue. *Id.*

The Commissioner responds that substantial evidence supports the ALJ's decision that Claimant failed to show his impairments met or equaled the criteria of the Listings. The Commissioner contends that the ALJ noted that Dr. Shah found Claimant had normal deep tendon reflexes, normal sensation, and normal motor strength in the upper and lower extremities. The Commissioner also contends that Claimant cited no evidence that would contradict the ALJ's finding that he lacked neurological deficits that would meet or medically equal the criteria of Listing 1.04.

Again, the Commissioner's argument fails because the reasons cited in her brief were not articulated by the ALJ in his decision. Without any analysis allowing a glimpse into the ALJ's reasoning of whether Claimant's spinal impairments met a Listing, the Court cannot determine whether his assessment was sound and based on substantial evidence. Even if this Court were to construe the medical summary contained elsewhere in the decision as a rationale, the ALJ's findings would not be supported because he offered no analysis as to the importance of any particular medical findings and therefore failed to build a logical bridge from the medical findings to his conclusion.

Because this Court agrees that the step two and step three determinations were erroneous and not supported with substantial evidence,

the Court need not address the remaining errors Claimant alleges. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken in reviewing the whole record using the complete five-step sequential evaluation process

## IV. CONCLUSION

For the reasons stated above, Claimant's motion for summary judgment [Doc. No. 12] is granted, and the Commissioner's motion for summary judgment [Doc. No. 20] is denied. The case is remanded for further proceedings consistent with this order.

**SO ORDERED.**                  **ENTERED:**

**DATE:   August 11, 2016**          _____
                                                **HON. MARIA VALDEZ**
                                                **United States Magistrate Judge**